IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

NICK WILLIAM SCHALLER,

        Plaintiff,

  v.                                MEMORANDUM AND ORDER
                                        07-cv-575-jcs

MS. COOK and MS. SCOTT,

        Defendants.

---

    Plaintiff Nick Schaller was allowed to proceed on his Eighth Amendment claim that defendants Ms. Scott interfered with his medications and on his First Amendment claim that defendant Ms. Cook interfered with his out-going mail.

    On December 20, 2007 defendants moved to dismiss plaintiff's complaint for failure to exhaust administrative remedies.  This motion has been fully briefed and is ready for decision.

FACTS

    Plaintiff is currently incarcerated at the New Lisbon Correctional Institution, New Lisbon, Wisconsin (NLCI). Defendants Ms. Cook and Ms. Scott are employed at NLCI.

    Plaintiff alleges that defendant Cook interfered with his out-going mail in violation of his First Amendment rights.  Plaintiff did not file an inmate complaint concerning this claim.

Plaintiff also alleges that defendant Scott interfered with his medication. On August 3, 2007 plaintiff filed an inmate complaint N LCI-2007-22953 concerning an interaction with Scott in the Health Services Unit the day before. The complaint was dismissed on August 8, 2007. Plaintiff did not appeal the dismissal to the appropriate reviewing authority.

MEMORANDUM

Defendants move to dismiss plaintiff's complaint for failure to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e(a). No action shall be brought with respect to prison conditions by a prisoner confined in any jail, prison or other correctional facility until available administrative remedies are exhausted. Prisoners must file their complaints and appeals in the place and at the time the prison's administrative rules require. Pozo v. McCaughtry, 286 F. 3d 1022, 1025 (7th Cir. 2002)

In Perez v. Wisconsin Department of Corrections, 182 F.3d 532, 535 (7th Cir. 1999), the Court held as follows:

> ...a suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment.

Plaintiff did not exhaust his administrative remedies concerning either claim he pursues in the above entitled action. Accordingly, Perez requires dismissal of plaintiff's complaint

because he did not exhaust his administrative remedies prior to commencing this action.

Plaintiff is advised that in any future proceedings in this matter he must offer argument not cumulative of that already provided to undermine this Court's conclusion that his complaint must be dismissed. See Newlin v. Helman, 123 F.3d 429, 433 (7th Cir. 1997).

## ORDER

IT IS ORDERED that defendants' motion to dismiss for plaintiff's failure to exhaust his administrative remedies is GRANTED.

IT IS FURTHER ORDERED that judgment be entered in favor of defendants against plaintiff DISMISSING his complaint without prejudice for his failure to exhaust his administrative remedies.

Entered this 25th day of January, 2008.

BY THE COURT:

/s/

_____
JOHN C. SHABAZ
District Judge