IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NICK WILLIAM SCHALLER, SR.,

                                       ORDER

        Plaintiff,

                                    3:07-cv-00575-jcs

    v.

JOANN COOK and THERESA SCOTT,[1]

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        Because Judge Shabaz will be recuperating from shoulder surgery for a period of not less than two months, I have assumed administration of the cases previously assigned to him, including this one, which was dismissed on January 28, 2008, for plaintiff's failure to exhaust his administrative remedies. Now before this court is plaintiff's letter dated January 31, 2008, that I construe as a timely motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59. The motion will be granted, because the facts on which the decision to dismiss were based are insufficient to warrant a decision in defendants' favor.

        Plaintiff was allowed to proceed on two separate claims in this lawsuit. The first

---

[1] Plaintiff named defendants as "Ms. Cook" and "Ms. Scott"; defendants have advised the court of their first names and the caption has been amended accordingly.

1

claim is that defendant Scott interfered with plaintiff's ability to obtain his prescribed medication. The second claim is that defendant Cook interfered with his outgoing mail at the New Lisbon Correctional Institutional, where he is confined.

After plaintiff was granted leave to proceed in forma pauperis on his claims, defendants moved to dismiss the complaint on the ground that plaintiff had not exhausted his administrative remedies, as required by 42 U.S.C. § 1997(a). In support of the motion, defendants submitted the affidavit of Thomas Gozinske, a complaint examiner employed by the Department of Corrections. Gozinske averred that Department of Corrections records showed that although plaintiff had filed an inmate complaint against defendant Scott related to her alleged interference with his medication, the inmate complaint had been rejected and plaintiff had failed to appeal the rejection. He attached to his affidavit a copy of the institution complaint examiner's rejection notice which states,

> The ICE finds that a conduct report has been written, and the inmate is complaining of matters involved with the alleged incident. The complainant is challenging the factual basis of the conduct report or describing mitigating factors to explain the complainant's actions and behavior. Those matters are considered during summary disposition or by a hearing officer/committee acting as an independent fact-finding body, and its judgment must be accepted. Once a conduct report is issued, the disciplinary process is initiated, and complaints of this nature are outside the scope of the inmate complaint review system as noted under DOC 310.08(a), Wis. Adm. Code.

Regarding plaintiff's claim against defendant Cook, Gozinske avers, "I have searched my records concerning Offender Complaints and state based upon such examination of records

2

that [plaintiff] did not file any offender complaints alleging that defendant Cook interfered with his outgoing mail."

Relying on the affidavit submitted by defendants, Judge Shabaz dismissed plaintiff's claims against both defendants on the grounds that plaintiff had never filed an inmate complaint concerning his claim of interference with his outgoing mail by defendant Cook and that he had filed an inmate complaint against defendant Cook but had not appealed from the rejection of that complaint.

In support of his Rule 59 motion, plaintiff points out that when he opposed defendants' motion to dismiss, he advised the court in his brief that the incident involving defendant Cook's interference with his mail was the subject of a conduct report (and thus could not be heard in the inmate complaint grievance system).  A review of the record confirms that plaintiff attached to his complaint a copy of conduct report #1726772, charging him with "disrespect," "lying about staff" and "unauthorized use of mail" in connection with a letter that defendant Cook had intercepted before it could be mailed. This suggests that if plaintiff had attempted to file an inmate complaint relating to defendant Cook's alleged interference with his mail, it, too, would have been rejected as outside the scope of the inmate complaint review system.

Failure to exhaust is an affirmative defense that the defendants have the burden of pleading and proving. Jones v. Bock, 127 S. Ct. 910, 918-919 (2007); Walker v. Thompson,

3

288 F.3d 1005, 1009 (7th Cir. 2002). Defendants' attempt to prove that plaintiff failed to exhaust his administrative remedies is directed exclusively as plaintiff's use of the inmate complaint review system, which was not a remedy available to him under the circumstances of his case.

Alternative exhaustion processes exist for issues that fall outside the scope of the inmate complaint review system. Wis. Admin. Code § DOC 310.08(2)(a) states that the inmate complaint review system may not be used to address an issue related to a conduct report unless the inmate has exhausted the disciplinary process of Wis. Admin. Code ch. DOC 303. Under this process, the inmate is given a hearing at which he may make statements on his own behalf. Wis. Admin. Code §§ DOC 303.75(4), 303.76(1)(e)1. If he disagrees with the outcome of the hearing, he must appeal the disciplinary officer's decision to the warden within the allotted time period. Wis. Admin. Code §§ DOC 303.75(6), 303.76(7). After exhausting this appeal process, an inmate may use the inmate complaint review system to challenge procedural issues only. Wis. Admin. Code § DOC 310.08(3).

Defendants did not supply any evidence in support of their motion to show that plaintiff failed to address the issues he raised in his complaint in this court in the context of his disciplinary hearings on the matters of defendant Scott's alleged interference with his medication or defendant Cook's interference with his mail. Therefore, on reconsideration, I find that the motion to dismiss for failure to exhaust administrative remedies should have

4

been denied for defendants' failure to show conclusively that plaintiff had not exhausted the administrative remedies available to him.

## ORDER

IT IS ORDERED that plaintiff Nick William Schaller, Sr.'s motion to alter or amend the judgment under Rule 59(e) is GRANTED. The judgment entered herein on January 29, 2008 is VACATED and this case is reopened in its entirety.

Entered this 11th day of February, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge