IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NICK WILLIAM SCHALLER,

                    Plaintiff,

     v.

JOANN COOK and THERESA SCOTT,

                    Defendants.

ORDER

07-cv-575-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      On February 11, 2008 I granted plaintiff's Rule 59(e) motion and reopened this case in its entirety. In this case plaintiff claims that defendant Scott interfered with plaintiff's ability to obtain his prescribed medication and that defendant Cook interfered with his outgoing mail at the New Lisbon Correctional Institution, where he is confined. On February 19, 2008 plaintiff filed a pleading titled "Motion Harassment," that I construe as a motion for a preliminary injunction. I will deny this motion because plaintiff is seeking emergency relief on a matter that he did not raise in his complaint.

      In his motion, plaintiff alleges that on Thursday February 14, 2008 at 11:43 a.m. while he was getting his food tray in his unit's kitchen he saw defendant Scott standing in the serving area staring at him. He alleges further that after he went to the day room to eat,

1

defendant Scott came to his table and stated to a inmate at the table, "I can't believe that trouble maker is still here!" He further alleges that defendant Scott started laughing and walked away. Plaintiff asks that he be awarded $1,900,000.00 and that defendant Scott be removed from her job.

I understand plaintiff to be contending that defendant Scott is retaliating against him for initiating this lawsuit. This claim is not properly raised on a motion for preliminary injunction in this case. In situations in which a plaintiff alleges that the defendants have retaliated against him for initiating a lawsuit, it is the policy if this court to require the claim to be presented in a lawsuit separate for the one which is alleged to have provoked the retaliation. This is to avoid the complication of issues which can result from an accumulation of claims in one action.

The court recognizes an exception to this policy only where it appears that the alleged retaliation would directly, physically impair the plaintiff's ability to prosecute his lawsuit. Plaintiff's allegations do not support an inference that defendant Scott is physically impairing his ability to prosecute this lawsuit.

Moreover, the relief that plaintiff requests in his motion, money damages and removing defendant Scott from her job, are not appropriate forms of relief to request in a motion for preliminary relief. Plaintiff's entitlement to money damages cannot be determined until after plaintiff prevails on his claims in connection with a motion for

summary judgment or at trial. Firing defendant from her job is an action this court has no authority to take.

## ORDER

IT IS ORDERED that plaintiff's motion for a temporary restraining order or preliminary injunction is DENIED.

Entered this 27th day of February, 2008.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge

3