IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NICK WILLIAM SCHALLER,

                                            MEMORANDUM

        Plaintiff,

                                            07-cv-575-bbc

    v.

JOANN COOK and THERESA SCOTT,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This case has a long history, even though it is now only in its beginning stage. Plaintiff filed his complaint in October of 2007. The case was assigned to the Hon. John C. Shabaz. After obtaining an initial partial payment of the filing fee from plaintiff, on November 19, 2007, Judge Shabaz granted plaintiff leave to proceed in forma pauperis on his First Amendment mail interference claim against defendant Cook. In the November 19 order, Judge Shabaz noted that although plaintiff appeared to be raising a claim that someone had interfered with his medications, he had not identified the person responsible for the interference. Therefore, he denied plaintiff's request for leave to proceed in forma pauperis on this claim and on all "remaining claims and defendants."

      On November 23, 2007, plaintiff moved for reconsideration of the dismissal of his

1

"case against Ms. Scott." In this motion, plaintiff alleged that Scott was the individual who had "pulled my diabetic meds from me." On November 27, 2007, Judge Shabaz granted plaintiff's motion and allowed him to proceed on his Eighth Amendment claim against defendant Scott. At this point, plaintiff's complaint was served on defendants Scott and Cook. Defendants responded to the complaint by moving to dismiss the complaint on the ground that plaintiff had failed to exhaust his administrative remedies. Judge Shabaz granted that motion in an order dated January 25, 2008. Judgment of dismissal was entered on January 29, 2008. Promptly thereafter, plaintiff moved for reconsideration of the dismissal of his case against defendants Scott and Cook. By that time, Judge Shabaz had taken a leave of absence to convalesce from a shoulder injury, so the case was assigned to me. I construed plaintiff's motion as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59 and granted it in an order dated February 11, 2008, after concluding that defendants had not carried their burden to prove conclusively that plaintiff had failed to exhaust his administrative remedies.

In the short time that has passed since the case was reopened, defendants Scott and Cook have filed their answer and a preliminary pretrial conference has been held. In addition, plaintiff has filed 1) a motion requesting preliminary injunctive relief (dkt. #28), which I denied on February 27, 2008 because plaintiff was raising a matter unrelated to the claims against defendants Cook and Scott on which he is proceeding; 2) an answer to

2

defendants' answer, which I told plaintiff in a March 7, 2008 memorandum I could not consider; and 3) subpoenas and papers marked as "evidence," which, in an memorandum dated April 10, 2008, I told plaintiff were premature.

Now plaintiff has filed several new submissions. The first contains a second reply to the answer and is attached to a page titled "Voir Dire" (dkt. #32). The second is a "witness list" (dkt. #33). The third is a letter from plaintiff seeking clarification of the status of his case (dkt. #34). The fourth is a motion for appointment of counsel (dkt. #35). In this order, I will address plaintiff's submissions filed as docket ## 32, 33 and 34. In a separate order, I have ruled on plaintiff's motion for appointment of counsel.

For the reasons expressed in this court's memorandum dated March 7, 2008, plaintiff's second reply to the answer will not be considered. Moreover, the page plaintiff has titled "Voir Dire" is in fact a page containing plaintiff's unsworn testimony concerning the incidents underlying his claims against defendants Scott and Cook. As I told plaintiff in the April 10, 2008 memorandum, it is too soon for him to submit evidence in support of his claims. When a motion for summary judgment has been filed or at trial, it will be time to tell the story about what happened to him in connection with defendant Scott's alleged denial of his medication and defendant Cook's alleged interference with his mail. If plaintiff refiles his testimony-like statements in connection with a motion for summary judgment, he should be aware that in order for the court to consider his written statements, the statements

3

must be based on his own personal knowledge and must be declared to be true under penalty of perjury. 28 U.S.C. § 1746. Moreover, he should be aware that the proper legal name for a document containing such statements is an "affidavit," not "voir dire," although I understand plaintiff's confusion. Literally interpreted, "voir dire" means "to speak the truth." However, the term is ordinarily used to describe the proceeding at the start of trial when the judge asks potential jurors questions about their ability to be impartial in deciding the case. In any event, because there is no pending motion for summary judgment in this case and because plaintiff's statements are not sworn or declared to be true under penalty of perjury, I will not consider the document plaintiff has titled "Voir Dire." (dkt. #32).

Although the deadline for disclosing trial witness lists does not expire until September 29, 2008, I may accept plaintiff's witness list (dkt. #33) for filing. However, the list includes material that appears to be related to the subject matter of plaintiff's letter of April 2, 2008 (dkt. #34), and I will consider the material in that context.

In his letter, plaintiff points out that when he filed his original complaint in this case, he included claims against the Dane County jail, the Department of Corrections and Captain Jeager. He has described those claims in separate paragraphs on his witness list. He asks whether this court reinstated those claims when it reopened the case. It did not. The only claims on which plaintiff is proceeding in this case are his claims that defendant Scott

4

interfered with his ability to obtain prescribed medication in 2007 while plaintiff was confined at the Dodge Correctional Institution, and that defendant Cook interfered with his outgoing mail when plaintiff was confined at the New Lisbon Correctional Institutional.

Entered this 21st day of April, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

5