IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NICK WILLIAM SCHALLER, SR.,

                    OPINION and ORDER

        Plaintiff,

                    07-cv-575-bbc

    v.

JOANN COOK and THERESA SCOTT,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       This is a civil action for declaratory and injunctive relief in which plaintiff Nick William Schaller contends that while he was incarcerated at the New Lisbon Correctional Institution defendant Joann Cook violated his First Amendment rights when she interfered with his outgoing mail and defendant Theresa Scott violated his Eighth Amendment rights by interfering with his medications.

       The case is before the court on defendants' motion for summary judgment. Because plaintiff has failed to adduce sufficient evidence to raise a triable issue on his contentions that defendant Cook interfered with his outgoing mail or that defendant Scott was deliberately indifferent to his serious medical need, I will grant the motion.

       The undisputed facts set forth below are taken from defendants' proposed findings

1

of fact and the allegations. Plaintiff did not submit his own proposed findings of fact, an affidavit or any evidence to support his claim. He did submit a response contesting defendants' proposed findings of fact, but his response is not admissible evidence. A statement is not admissible on a motion for summary judgment unless it is sworn to be true under penalty of perjury. Collins v. Seeman, 462 F.3d 757, 760 n.1 (7th Cir. 2006); 28 U.S.C. § 1746. Ordinarily, sworn statements are made in affidavits; the proposed findings of fact are set forth in a document separate from the evidence. The requirements for properly opposing a motion for summary judgment are set forth in Federal Rule of Civil Procedure 56 and this court's Procedure to be Followed on Motions for Summary Judgment, which plaintiff received with the Preliminary Pretrial Conference Order, dkt. #31 (March 10, 2008). Because plaintiff's responses to defendants' proposed findings of fact do not meet the standard for admissibility, I could not consider them as evidence.

## UNDISPUTED FACTS

Plaintiff Nick William Schaller, Sr., is a prisoner at the New Lisbon Correctional Institution. Defendant Joann Cook has been employed as a social worker at the institution since 2004. Defendant Theresa Scott worked as a correctional officer in the Health Services Unit at the New Lisbon Correctional Institution from September 18, 2005 to September 15, 2007.

2

At the institution, outgoing mail is placed in a locked mail box on inmate units. The mail then is taken to the property room where it is processed by mail staff. Defendant Cook does not have access to the outgoing mail. She did not interfere with plaintiff's outgoing mail.

In July 2007, Christine Van Buren, who is employed at Dodge Correctional Institution in Assessment and Evaluation, received through the United States mail a letter from plaintiff dated July 18, 2007 and postmarked July 19, 2007. On July 23, 2007, Van Buren forwarded a copy of the letter to defendant Cook. On August 7, 2007, defendant Cook received the copy of the letter that contained statements by plaintiff concerning a meeting with Cook on July 17, 2007.

Because plaintiff made untrue statements in his letter, he was issued Adult Conduct Report #1726772, charging him with Disrespect, Lying about Staff and Unauthorized Use of the Mail in violation of Wisconsin Administrative Code §§ DOC 303.25, 303.271 and 303.48, respectively. He was found guilty of all three charges. At the disciplinary hearing, plaintiff did not allege that defendant Cook interfered with his outgoing mail. Plaintiff did not appeal the disciplinary decision.

On July 23, 2007, plaintiff brought all the medications that he had in his cell to the Health Services Unit. He spoke to a nurse and gave all the medications to her, including Metformin, an oral diabetes medication. He told her that he felt depressed and did not want

3

to have the medications in his cell because in the past he had tried to commit suicide with these medications.  He then returned to his cell saying he would be okay.

The next day plaintiff returned to the Health Services Unit at 8:25 p.m. to get his bedtime medication.  Defendant Scott gave him his medication.  He also asked for his non-controlled medication, Metformin, to take back to his cell.  Defendant Scott told him she could not give the Metaformin to him because the decision to return the medication to him had to be made by medical staff.  Plaintiff then asked to have defendant Scott give him his Metformin dose at that time.  She told him she could not give it to him because it was prescribed only for morning and afternoon and not bedtime.  Plaintiff became upset and disrupted the distribution of medication to other inmates.

Defendant Scott issued Adult Conduct Report #172597, charging plaintiff with disruptive conduct in violation of Wisconsin Administrative Code § DOC 303.28.  At his disciplinary hearing, plaintiff admitted that he was guilty of disruptive conduct and did not allege that defendant Scott had interfered with his medication.  Plaintiff did not appeal this conduct report.

Plaintiff had diabetes but did not take insulin injections.  Plaintiff checked his blood sugar level twice a day at the Health Services Unit.  The correct times for him to do this were at 6:20 a.m. and 3:15 p.m.  At any time that an inmate reported that he thought his blood sugar level was high or low, he was immediately allowed to test his blood sugar level.

4

Plaintiff never made such a report.

On July 30, 2007, plaintiff went to the Health Services Unit at 4:15 a.m. to check his blood sugar level. Defendant Scott allowed him to do so but she told him that the correct time was 3:15 p.m. because 4:15 p.m. was the time insulin-dependent diabetics check their blood sugar levels.

The next day, plaintiff returned to the Health Services Unit at 8:00 p.m. and told Sergeant Gerald Decker and Registered Nurse Koreen Fisk that he was upset about being told that he had arrived at the wrong time again. He did not ask to check his blood sugar level. On August 1, 2007, plaintiff came to the Health Services Unit at 3:35 p.m. He was allowed to check his blood sugar level , but defendant Scott showed him a schedule with the correct time. On August 2, 2007, plaintiff returned to the Health Services Unit at 3:35 p.m. Defendant Scott asked him to wait until the insulin diabetic inmates had tested their blood sugar levels. Plaintiff waited and then tested his blood sugar level.

Defendant Scott issued plaintiff Adult Conduct Report #1725931, a reprimand for failing to report to the Health Services Unit at the correct time to check his blood sugar level. Plaintiff signed an agreement to summary disposition of this report. Pursuant to Wisconsin Administrative Code § DOC 303.74(3), this summary disposition is not appealable.

5

OPINION

A. Exhaustion

As an initial matter, I reopened this case on February 11, 2008 because the defendants had failed to show conclusively that plaintiff had not exhausted the administrative remedies available to him. Now defendants have moved again to dismiss plaintiff's claims for failure to exhaust his administrative remedies and have submitted additional evidence concerning exhaustion. When defendants filed their original motion to dismiss for failure to exhaust, they submitted an affidavit of Thomas Gozinske (dkt. #14) in support of their motion. I found that the affidavit did not show that plaintiff had failed to exhaust his administrative remedies. I will not allow defendants a second opportunity to demonstrate that plaintiff has not exhausted his administrative remedies.

B. First Amendment Claim

Prisoners have a limited First Amendment interest in their outgoing mail. Martin v. Brewer, 830 F.2d 76, 77 (7th Cir. 1987). Prison officials violate the First Amendment if they censor outgoing mail that contains "'inflammatory political, racial, religious, or other views,' and matter deemed 'defamatory' or 'otherwise inappropriate", and they do so for reasons that have nothing to do with legitimate prison interests.'" Procunier v. Martinez, 416 U.S. 396, 415 (1974). Defendant Cook did not have access to the outgoing mail on the

6

inmate units at the New Lisbon Correctional Institution and did not interfere with plaintiff's outgoing mail. She simply received a copy of plaintiff's letter from Chris Van Buren

In opposing defendants' motion for summary judgment, plaintiff has the burden to come forward with enough evidence to allow a reasonable jury to find in his favor. Borello v. Allison, 446 F.3d 742, 748 (7th Cir. 2006); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). Because plaintiff has offered no admissible evidence upon which a reasonable jury could find in his favor on his claim that defendant Cook interfered with his outgoing mail, I will grant defendants' motion for summary judgment on plaintiff's First Amendment claim against defendant Cook.

### C. Eighth Amendment Claim

Under the Eighth Amendment, a prison official may violate a prisoner's right to medical care if the official is "deliberately indifferent" to a "serious medical need." Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). A "serious medical need" may be a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a lay person. Johnson v. Snyder, 444 F.3d 579, 584-85 (7th Cir. 2006). The condition does not have to be life threatening. Id. A medical need may be serious if it "significantly affects an individual's daily activities," Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir.1998), if it causes pain, Cooper v. Casey, 97 F.3d 914, 916-17 (7th Cir.1996),

7

or if it otherwise subjects the prisoner to a substantial risk of serious harm, Farmer v. Brennan, 511 U.S. 825 (1994). However, "[not] every ache and pain or medically recognized condition involving some discomfort" warrants relief under the Eighth Amendment. Gutierrez v. Peters, 111 F.3d 1364, 1372 (7th Cir. 1997).

"Deliberate indifference" means that the officials were aware that the detainee needed medical treatment, but disregarded the risk by failing to take reasonable measures. Forbes v. Edgar, 112 F.3d 262, 266 (7th Cir.1997). Inadvertent error, negligence, gross negligence and ordinary malpractice are not cruel and unusual punishment within the meaning of the Eighth Amendment. Vance v. Peters, 97 F.3d 987, 992 (7th Cir. 1996); Snipes v. DeTella, 95 F.3d 586, 590-91 (7th Cir. 1996). Accordingly, neither incorrect diagnosis nor improper treatment resulting from negligence states an Eighth Amendment claim. Gutierrez, 111 F.3d at 1374.

Defendants do not deny that plaintiff had a serious medical need that required access to prescription medication. They contend that defendant Scott is entitled to summary judgment on plaintiff's claim because the undisputed evidence demonstrates that she was not deliberately indifferent to his serious medical need by denying him access to prescription medication.

On July 24, 2007, defendant Scott refused to give plaintiff Metformin to take back to his cell because only medical staff could make the decision to allow him to have

8

Metformin in his cell. The day before, plaintiff had relinquished the Metformin that he kept in his cell to a nurse in the Health Services Unit because he was fearful he would use it to commit suicide. Defendant Scott's refusal to return the Metformin to plaintiff without medical clearance was not an act of deliberate indifference to his serious medical need but rather an effort to insure his safety. Plaintiff also requested that defendant Scott give him his prescribed Metformin at that time. She refused on the ground that the medication was to be given at a different time. In following the orders of the medical doctors, defendant Scott was not deliberately indifferent to plaintiff's serious medical need.

Further, defendant Scott was not deliberately indifferent to plaintiff's serious medical needs when she instructed him to report to the Health Services Unit at the correct times to check his blood sugar level. Requiring an inmate to follow procedures does not constitute deliberate indifference in the absence of any showing that the inmate would be harmed by the requirement. In any event, defendant Scott allowed plaintiff the opportunity to check his blood sugar level even though he reported at the wrong times.

Plaintiff has failed to adduce enough evidence to raise any genuine issues of material fact concerning whether defendant Scott was deliberately indifferent to his serious medical need. Therefore, I will grant defendants' motion for summary judgment on plaintiff's Eighth Amendment claim.

9

ORDER

IT IS ORDERED that defendants Joann Cook's and Theresa Scott's motion for summary judgment is GRANTED. The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered this 2nd day of September, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

10